IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMMAL, *et al.*, | ) | CASE NO. 1:13 CV 437 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| AMERICAN FAMILY INSURANCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |
| | ) | |

This matter is before the Court on the parties' competing proposals for the scheduling of class related discovery. Plaintiffs seek to begin class certification and proposed class member fact discovery immediately. Defendants seek to postpone all class related discovery until after fact discovery on the named Plaintiffs has been completed, and the Court has ruled on any summary judgment motions that may be filed in connection with the named Plaintiffs' claims. Defendants also seek to limit discovery related to Claims 5 and 6 of the First Amended Complaint ("Complaint") to any administrative record maintained by the ERISA plan administrators.

Although Fed. R. Civ. P. 23 asks the Court to determine class certification issues as early as practicable, a district court has broad discretion to manage its docket and to consider the benefits of bifurcating discovery on class issues in order contain costs and expedite resolution of individual actions. *See, ACLU of Ky. V. McCreary County*, 607 F.3d 439 (6th Cir. 2010)*; Nook Indus. V. Barnes & Noble, Inc*., 2011 U.S. Dist. LEXIS 15900 (N.D. Ohio Feb. 7, 2011). Further, the determination of what is the earliest practical time to decide class certification issues may vary significantly depending on the type of case involved, the nature of the allegations set forth in the Complaint, and the proposed class definition contained in the Complaint.

One of ERISA's expressed goals is to provide "inexpensive[] and expeditious[]" dispute resolution. Therefore, it is appropriate for the Court to consider the additional time and expense required to conduct discovery on class certification issues, as well as the most efficient approach to conducting fact discovery related to proposed class members not named in the Complaint. Following the briefing on Defendants' Motion to Dismiss, and this Court's decision denying that motion, there remain many questions as to the individualized level of proof that will be required to establish whether any of the named Plaintiffs can be considered employees and, therefore, actually subject to ERISA protections. Further, as the common issue defining the purported class members in the Complaint is their signing of the American Family Agency Agreement, Plaintiffs already have a good deal of the information they will need to address class issues. Plaintiffs are already in possession of the agreement and other documents they claim are universally used by American Family, and so will not be significantly prejudiced by a reasonable delay in further class related discovery.

Finally, as noted in this Court's opinion denying Defendants' Motion to Dismiss, a

maximum of six year statute of limitations applies to all of Plaintiffs' claims.[1] Plaintiff Duranchinsky was the only named plaintiff to file a claim within the applicable statute of limitations. The other Plaintiffs were allowed to remain in the action at this time only because there is some possibility, based on the allegations set forth in the Complaint, that they could establish a factual basis for equitable tolling. Therefore, determining the appropriateness of equitable tolling as to these Plaintiffs is a predicate to determining whether their claims can survive, and whether they can satisfy the requirements for class representatives under Fed. Civ. R. P. 23.

For these reasons, under the particular circumstances of this case, the Court finds that it would be more appropriate to postpone class discovery and class certification briefing until after discovery related to the named Plaintiffs has been completed and dispositive motions relating to those individuals have been addressed. Fact discovery should proceed as previously established as to the named Plaintiffs only. Class certification and class discovery issues are stayed until further notice.

In so far as Defendants' briefing proposal also requested a limitation on Plaintiffs' request for discovery in connection to Counts Five and Six of the Complaint, Plaintiffs have not yet been given an opportunity to respond to these arguments. Any objections Plaintiffs have to the limitations suggested by Defendants on discovery related to Counts Five and Six should be filed with the Court no later than October 7th, 2013. Defendants may file a Reply, limited to this issue, on or before October 15th. IT IS SO ORDERED.

---

[1] It is possible, that Count Four could be subject to an even shorter three year statute of limitations for any plaintiff who had "actual knowledge of the breach or violation," at the time it occurred.

        /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED:   September 27, 2013