IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALID JAMMAL, *et al.*, | ) CASE NO. 1:13 CV 437 |
| Plaintiffs, | ) |
| v. | ) JUDGE DONALD C. NUGENT |
| AMERICAN FAMILY INSURANCE GROUP, *et al.*, | ) MEMORANDUM OPINION AND ORDER |
| Defendants. | ) |

This case is before the Court on Defendant's Motion for Partial Summary Judgment, (ECF #123), seeking dismissal of all claims brought by named Plaintiffs Kathleen Tuersley and Walid Jammal, and seeking dismissal of Count Four only in relation to names Plaintiffs, Cinda Durachinsky and Nathan Garrett. The Plaintiffs filed a joint opposition to Defendants' motion. (ECF # 124), and the Defendants filed a reply in support of their motion for summary judgment. (ECF # 127). The motion is now ready for review.

**Procedural and Factual Background[1]**

The Second Amended Complaint ("the Complaint") was filed by Plaintiffs, Walid Jammal, Kathleen Tuersley, Cinda J. Durachinsky, and Nathan Garrett. (ECF #67). Count One of the Complaint seeks declaratory judgment affirming that Plaintiffs and purported class members are "employees" for all purposes, including but not limited to ERISA; declaring that the Termination Benefits Plan is an employee benefit plan subject to ERISA's vesting and benefit accrual provisions; declaring that certain plan provisions violate ERISA; and, declaring that the Plaintiffs are entitled to reformation of the contracts and restitution of benefits allegedly withheld by American Family in violation of ERISA. Count Two seeks injunctive relief prohibiting Defendants from continuing to mis-classify its agents as independent contractors; prohibiting Defendants from implementing benefits plans that do not comply with ERISA; ordering American Family to comply with ERISA requirements with regard to the Termination Benefit Plan; and, ordering Defendants to recalculate and pay benefits under the proper calculation of benefits as provided by ERISA.

Count Three is a Claim of benefits under ERISA § 502(a)(1)(B), seeking payments under the Termination Benefit Plan in accordance with ERISA requirements. Count Four seeks restitution, contract reformation, and actual damages arising from Defendants' alleged breach of fiduciary duty arising from their refusal to recognize that the benefits provided under the

---

[1] The factual summary is based upon the parties' statements of facts. Those material facts that are controverted and supported by deposition testimony, affidavit, or other evidence are stated in a light most favorable to the non-moving party. Such statements are taken as true for purposes of this Summary Judgement Motion only, and should not be considered established for purposes of any future trial.

Termination Benefits Plan were vested and non-forfeitable pursuant to ERISA's requirements, and for failing to follow ERISA accrual and vesting requirements. Counts Five and Six seek damages and injunctive relief based on Plaintiffs failure to provide Plaintiffs with health and welfare benefits offered to other employees, including group health plan, group dental plan, group life plan, and long term disability plan, that are offered to those workers American Family has classified as employees.[2]

Defendants previously challenged Plaintiffs' ability to bring their claims based on the applicable statutes of limitation. The Court found at the time it addressed Defendants' Motion to Dismiss the First Amended Complaint that the parties did not present sufficient information to allow the Court to determine when the statute of limitations was triggered for most of the alleged claims. At that time the issue was dependent on facts and circumstances not before the court and was not ripe for consideration.[3] Following a significant period of discovery, Defendants attempted to bar Plaintiffs claims again, based on the applicable statutes of limitation. The Court ruled, based on the undisputed facts presented at that time, that Ms. Tuersley was barred from pursuing her claim for breach of fiduciary duty under Count Four by the statute of limitations

---

[2] The Second Amended Complaint also included a claim for benefits under the American Family 401(k) or retirement plan. However, Plaintiffs have agreed they are no longer pursuing claims for these specific benefits. (ECF # 123-1, Ex. 7).

[3] Although the Court stated in its Order denying Defendants' Motion to Dismiss, that Plaintiff Duranchinsky was the only named plaintiff to file within the applicable statute of limitations on Count Four, that was based on the Defendants' position (and Plaintiffs failure to present a valid alternative argument) that the signing of the agent agreement was the trigger point for the running of the statute of limitations. That opinion was limited by the arguments presented to the Court at that time, and was relevant only to the resolution of the Motion to Dismiss the First Amended Complaint.

-3-

However, the Defendants had still failed to present much of the necessary information required for a final determination of the statute of limitations issue as it related to other Plaintiffs and all of the remaining claims. (ECF # 114).

Defendants have now filed a second Motion for Summary Judgment challenging the timeliness of the Plaintiffs' claims. Defendants claim that Plaintiffs Kathleen Tuersley, and Walid Jammal are all barred from asserting any of their claims under the applicable statutes of limitations, and that Ms. Durachinsky and Mr. Garrett are barred from asserting their claims under Count Four on the same basis.

## **Summary Judgment Standard**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id.* at 252.

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmover. The nonmoving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining

whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

## Analysis

A.  Counts Three, Five, and Six/ Mr. Jammal and Ms. Tuersley

As set forth in the Court's Memorandum and Opinion denying Defendants' Motion to Dismiss the First Amended Complaint, all of the claims raised in Counts Three, Five, and Six of the Plaintiffs' Complaint are subject, at most, to a six year statute of limitations, subject to limited tolling.  This is based on Ohio's statute of limitations for contract actions.  *Santino v. Provident Life & Accid. Ins. Co.*, 276 F.3d 772, 776 (6th Cir. 2001).  An ERISA denial of benefits claim accrues "when a fiduciary gives a claimant a clear and unequivocal repudiation of benefits."  *Redmon v. Sud-Chemie Ins. Retirement Plan for Union Employees*, 547 F.3d 531, 538 (6th Cir. 2008).  This Court previously found that no clear and unequivocal repudiation of benefits can occur until after the Plaintiffs were entitled to the payment of benefits and failed to receive them.[4]  Pre-vesting notice that the company did not intend to provide benefits does not qualify as a clear and unequivocal denial of benefits. Consequently the ERISA payment of benefit claims could accrue only when Defendants failed to provide benefits after they allegedly

---

[4] This was in keeping with the decision of the Sixth Circuit Court of Appeals in *Redmon* wherein the Court of Appeals found that although there arguably may have been a repudiation of survivor benefits when a waiver of benefits was executed and alternate retirement payments were made to and accepted by the employee, repudiation was not clear and unequivocal until after the employer failed to pay out the ERISA survivor benefits at the time they would have otherwise come due. *Redmon at 539.*

-6-

came due.

As stated in this Court's prior opinion, because Defendants classified Plaintiffs as independent contractors, a limited period of equitable tolling should apply up until Plaintiffs became aware that they were, in fact, consistently being treated as employees and not as independent contractors. (ECF #114; *See, Rios v. Kelly*, 2014 U.S. Dist. LEXIS 44422 *6-7 (N.D. Ohio Feb. 13, 2004)(citing *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc*., 209 F.3d 552, 560-61(6th Cir. 2000). Under certain circumstances, the statute of limitations would be further tolled until the Plaintiff discovered, or should have discovered, the denial, or was otherwise put on notice of the denial of benefits.[5] *Mich. United Food & Commercial Workers Union v. Muir Co.*, 992 F.2d 594 (6th cir. 1993). Plaintiffs can not be held responsible for discovering that they had been denied benefits before they had reason to know that they were owed such benefits. In order to know they were being denied benefits, they would have to know not only that they were being treated as employees, but that employees of the company were entitled to benefits under an ERISA plan.

Plaintiffs argue that the tolling period should be extended indefinitely because the Plaintiffs were not aware, even once they believed they were being treated as employees, that employees of the company were entitled to health and life insurance, or that their retirement plan was subject to and was not compliant with ERISA. Defendants argue that at the latest, the statute of limitations should have begun to run when the Plaintiffs should have realized they were being treated as employees.

---

[5] This additional basis for tolling was not addressed in the prior opinion because neither party had provided sufficient information to allow the Court to consider whether such additional tolling might apply under the facts and circumstances of this case.

-7-

The Court finds that based on the information so far submitted, the question of when Plaintiffs should have known that they were entitled to and had, in fact, been denied benefits under ERISA health, life, and termination benefit plans remains a question of fact that cannot be resolved at this stage of the litigation.

B. Count Four/ All Named Plaintiffs

Count Four raises a claim for breach of fiduciary duty based on a failure to provide termination benefits in accordance with ERISA requirements. No ERISA action may be commenced for breach of a fiduciary's responsibility, duty, or obligation after the earlier of:

> (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113. An ERISA plaintiff has "actual knowledge" when he or she has "knowledge of all the relevant facts, not that the facts establish a cognizable legal claim under ERISA." *Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 570 (6th Cir. 2010). The statute of limitations set forth in this section of ERISA is not subject to equitable tolling. See, *Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991).

This Court previously held that neither the Second Amended Complaint, nor any of the briefing provided by Plaintiffs in the first round of summary judgment sufficiently alleged fraud or concealment of the alleged violations. In this round of briefing, however, Plaintiffs have

-8-

presented arguments alleging that Defendants' failure to provide required ERISA disclosures, including summary plan descriptions, constitutes a concealment of the alleged violations and is sufficient to trigger equitable tolling.   Defendants have also refined their arguments and ask this Court to reconsider its prior holding finding that the statute of limitations applicable to Count Four is three years from the time each agent was terminated.  According to the Defendants, because the fiduciary duty claims arise from the same claim of improper vesting and funding of the termination benefits plans as form the basis for the claims in Count Three, must have accrued at the same time as the claims in Count Three.

     The cases cited by Defendants in support of their new argument are non-binding, distinguishable and unpersuasive.  Defendants failed to provide any of the additional information the Court previously indicated might be relevant to determining when the termination vesting date claim accrued or when it was or should have been discovered.  There has been no information presented indicating when the claims should have vested, which would be relevant to when the claim accrued, nor has there been any information presented that would establish as a matter of law that Plaintiffs could or should have known all of the relevant facts that were the basis for this ERISA claim for breach of fiduciary duty prior to the actual denial of termination benefits at the time of their termination.  Therefore, as previously determined, the remaining claims under Count Four cannot be deemed untimely.[6]

---

[6] The Court previously ruled that Kathleen Tuersley was barred from pursuing her claim for breach of fiduciary duty under Count Four, and Plaintiff has not challenged that ruling.

## **Conclusion**

For the reasons set forth above, Defendants' Motion for Partial Summary Judgment, (ECF #123) is DENIED.   IT IS SO ORDERED.


    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge


DATED:   January 13, 2016