IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALID JAMMAL, *et al.*, | CASE NO. 1: 13 CV 437 |
| Plaintiffs, | |
| v. | JUDGE DONALD C. NUGENT |
| AMERICAN FAMILY INS. GROUP, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

This matter is before the Court on the Plaintiffs' Motion for Class Certification. (ECF #119). Defendants filed Brief in Opposition, and Plaintiffs filed a Reply in support of the motion. (ECF #125, 130). For the reasons that follow, Plaintiff's Motion is GRANTED.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This action was originally filed in February of 2013 by named Plaintiffs Walid Jammal and Dana LaRiche on behalf of themselves and all others similarly situated. (ECF #1). A First Amended Complaint was filed in April of 2013, adding additional named Plaintiffs. (ECF #21). Defendants filed a motion to dismiss, (ECF #31), which this Court denied. (ECF #42). A

Second Amended Complaint was filed in June of 2014, removing certain named Plaintiffs, and adding one additional.  (ECF #67).  Defendants filed separate Motions for Summary Judgment as to Plaintiff Jammal, Plaintiff Durachinsky, Plaintiff Tuersley, and Plaintiff Garrett's claims on September 10, 2014.  (ECF # 70, 75, 77, 79).  The Court granted summary judgment to Defendants on Ms. Tuersley's claim for breach of fiduciary duty, on statute of limitations grounds.  Summary judgment was denied as to all other claims and all other Plaintiffs.  (ECF # 114).  In October of 2015, Defendants filed yet another dispositive motion, seeking partial summary judgment dismissing all claims asserted by named Plaintiffs Jammal and Tuersley, and dismissing Count Four as to named Plaintiffs Durachinsky and Garrett.  (ECF # 123).  That motion was denied.  (ECF #132).

     The Second Amended Complaint  alleges that Defendants attempted to avoid compliance with the requirements of the Employee Retirement Income Security Act ("ERISA") by mislabeling its sales people as "independent contractors" while treating them for all practical purposes as employees.  The Complaint alleges that Plaintiffs were all "employees" as defined by ERISA, and as employees, were denied the benefits they were entitled to under Defendants' ("American Family") ERISA governed insurance and retirement plans. (ECF # 67).  According to the Complaint, the Plaintiffs in this case were all insurance agents hired by American Family to sell the company's insurance products (including home, auto, life, umbrella, business, health, and farm and ranch insurance policies) and retirement products.[1]  (ECF #67, ¶ 3).  Defendants allegedly promised Plaintiffs that they would be treated as  "independent contractors," but

---

[1] The Court makes no determination as to the truthfulness of the allegations set forth in the Second Amended Complaint, nor does it make any determination with regard to currently disputed facts as argued by the parties.

instead retained the right to exercise control over the manner and means by which they conducted every material aspect of their business.  (ECF #67, ¶ 4, 5).   For example, the Complaint alleges that American Family owns the agents' books of business; requires its agents to sell exclusively American Family products; controls the office hours and locations of the agents; controls hiring and firing of office staff; controls the conduct of the agents and their staff in the office; controls advertising, signage, compensation, production requirements, and policy holder information; and provides and monitors agents and their staff's use of computer hardware and software.  (ECF #67, ¶ 6).  The agents are hired for an unlimited period of time, in an "at-will" relationship wherein both American Family and the agents have the ability to terminate the relationship at any time, for any or no reason.  (ECF #67, ¶ 7).

 American Family offers the agents "Termination Benefits" which provide agents with death and pension benefits using a formula based on years of service and the number of in-force policies sold by the agent over time.  (ECF #21, ¶ 8).  American Family does not recognize the Termination Benefits as an ERISA benefit plan, and allegedly often terminates agents before these offered benefits actually vest. (ECF #21, ¶ 10).

Plaintiffs claim that they qualify as employees under ERICA and that American Family misclassified them as independent contractors.  As a result they allege that they did not receive benefits they would have been due under ERISA, including retirement benefits and health, life, disability and dental plans paid to properly classified employees at the company.

## II. DISCUSSION

-3-

### A. Standard of Review

The plaintiff bears the burden of proof in arguing that a potential class should be certified. *General Tel. Co. v. Falcon*, 457 U.S. at 161; *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 522 (6th Cir. 1976). "The class determination generally involves considerations that are 'enmeshed in the factual and legal issues comprising the plaintiff's cause of action.'" *Coopers & Lybrand*, 437 U.S. at 469 (quoting *Mercantile Nat'l Bank at Dallas v. Langdeau*, 371 U.S. 555, 558 (1963)). Therefore, while a court deciding a motion for class certification does not seek to resolve the merits of the claims, the required analysis often "will entail some overlap with the merits of the plaintiffs' underlying claim." Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541 (2011).

A court must perform a "rigorous analysis" of the requirements of Federal Rule of Civil Procedure 23 in deciding whether to certify a class. *Falcon*, 457 U.S. at 147; *accord Stout v. J.D. Byrider*, 47 F.3d 709, 716 (6th Cir. 2000). Rule 23 of the Federal Rules of Civil Procedure includes four prerequisites to maintaining a class action. FED. R. CIV. P. 23(a). Members of a class

> [M]ay sue . . . as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a). Thus, the named representatives may only be certified as a class under Rule 23 if the representatives meet the requirements of numerosity, commonality, typicality, and adequacy of representation. Assuming the requirements of Rule 23(a) are met, the class action may be maintained only if it also meets the requirements of one of the subsections of Rule 23(b).

FED. R. CIV. P. 23(b). Under Rule 23(b),

> An action may be maintained as a class action if . . .
> (1) prosecuting separate actions by or against individual class members would create a risk of
> > (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or
> > (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

FED. R. CIV. P. 23(b).

While the pleadings may be enough to determine "whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim . . . sometimes it may be necessary for the court to probe behind the pleadings" before deciding the issue of certification. *Falcon*, 457 U.S. at 160. Thus, it is appropriate for the Court to look not only to the pleadings but also to additional exhibits and information submitted by the parties in deciding the motion for certification.

### B. Analysis

There are three classes proposed class in this case, two relating to termination benefits, and one relating to Health/Dental/Life/Disability benefits:

-5-

>(1) Termination Benefits Class:  Each person who signed an American Family Agent Agreement and (1) was an active agent as of February 28, 2013, or (2) is a former agent whose Agent Agreement was terminated on or after February 8, 2007.
>
>(2) Termination Benefits Breach of Fiduciary Duty Class: Each person who signed an American Family Agent Agreement and (1) was an active agent as of February 28, 2013, or (2) is a former agent whose Agent Agreement was terminated on or after February 8, 2010.
>
>(3)  Termination Benefits Class:  Each person who signed an American Family Agent Agreement and (1) was an active agent as of February 28, 2013, or (2) was a former agent whose became a full-time American Family Agent and came off an agent financing program on or after February 28, 2007.

(ECF #119, at 8).

Plaintiffs allege that these classes meet the requirements of Rule 23(a) and all three sections of 23(b).  Defendants do not contest that the numerosity, ascertainability, and adequacy requirements for class certification are met in this case.  Defendants argue, however, that Plaintiffs have failed to demonstrate commonality for any of the proposed classes, and that the named Plaintiffs do not satisfy the typicality requirement.  Further, Defendants contend the alleged need for individual factual inquiries and findings preclude eligibility under any of the provisions of Fed. R. Civ. P. 23(b).

    A.  Commonality

"The commonality requirement is satisfied if there is a single factual or legal question common to the entire class." *Powers v. Hamilton Cty.  Public Defender Comm'n*, 501 F.2d 592, 618 (6th Cir. 2007); *see also Whirlpool Corp. Front-Loading Washer Product Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013).  "Commonality does not require that all class members share identical claims and facts."  Siding and Insulation Co. v. Combined Ins. Grp. Ltd., Inc., No.  1:11-CV-1062 at 4 (N.D. Ohio April 23, 2012).  The commonality inquiry focuses on "whether a class action will

-6-

generate common answers that are likely to drive resolution of the lawsuit." *In re Whirlpool*, 722 F.3d at 852.

Plaintiff argues that there are four questions common to the class: (1) whether American Family misclassified its agents as independent contractors rather than employees; (2) whether American Family's Plans violate ERISA; (3) whether American Family breached its fiduciary duty to ERISA beneficiaries; and (4) whether the agents are "participants" under the terms of American Family's health and other welfare benefits.  (ECF #119, at 10).  Defendant appears to agree that the first question, whether the agents were misclassified, is a common question upon which all of Plaintiffs' claims rely.  (ECF #125, at 7).  This should be enough under *Powers* and *Whirlpool* to establish commonality.

Defendants argue that this common question is insufficient to establish the commonality requirement under *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), however, because the question is not capable of class wide resolution.  In order to determine employment status under ERISA, courts are instructed to look at the degree to which the hiring party retains the right to control the manner and means by which the service is accomplished.  *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 320-21 (1992).  The question of whether American Family retained the right to control its agents should be class wide.  Indeed, Plaintiff cites to several company documents, allegedly applicable to all class members, that it believes evidence the company's policy of retaining the right to control means and manners of the agents service.  Defendants argue that in order to show misclassification, however, the company must not just retain the right to control, but also exercise it.  They further argue that deposition testimony shows the exercise of this alleged right was not uniform among the class members.

-7-

Nothing in *Darden* requires proof of the universal exercise of control over service providers by a hiring party in order to establish that those providers are employees for purposes of ERISA. The cases cited by Defendants in attempt to establish such a requirement do not support this contention, Plaintiffs have cited several cases where ERISA misclassification cases have been certified on the because there was a common question regarding the employee status of workers. *See, e.g., In re Fedex Ground Packaging Sys., Inc*., 2007 WL 3027405 (N.D. Ind. Oct. 15, 2007)("This argument confuses the test: it isn't the actual practice of who and how FedEx terminates, but rather whether FedEx reserved the right to terminate drivers at will); *Swigart v. Fifth Third Bank*, 288 F.R.D. 177 (S.D. Ohio 2012)("courts routinely certify misclassification cases with similar common questions because the central question of whether the employees were wrongfully classified.... is common to the class."). Further, the Sixth Circuit has explicitly denounced such a requirement in the context of the Federal Insurance Contributions Act, and the Federal Unemployment Tax Act, both of which utilize an employment test that is similar to the ERISA employment test. *Peno Trucking , Inc. v. C.I.R.*, 296 F.App'x 449, 456 (6th Cir. 2008). Further, any claim that American Family did not retain the right to control the agents is clearly disputed and cannot be used a basis for denying class certification. For these reasons, the Court finds that Defendants' arguments on this point are not supported by the applicable case law. Plaintiffs have met the requirements for commonality under Fed. R. Civ. P. 23(a).

B. Typicality

Defendants' case against typicality generally re-states the same arguments raised under the commonality issue. For the same reasons, these arguments fail. "A claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class

members, and if his or her claims are based on the same legal theory." *Beattie v. CenturyTel, Inc*., 511 F.3d 554, 561 (6th Cir. 2007). The Court finds that the named Plaintiffs have claims that are typical of the class members. All of the Plaintiffs have the same claims, which will be determined based on a common question: were the agents mis-classified as independent contractors rather than employees. Further, as set forth above, Plaintiffs are relying, in large part, on common documents and allegedly universal corporate policies to prove their case.

With regard to the statute of limitations argument, Defendants claim that the statute of limitations issues will play out differently for different members of the class, and, therefore, the named plaintiffs claims cannot be typical of the class. This Court has held already that the claims arising under the termination benefits plans could not have arisen until after the Plaintiffs were entitled to the payment of benefits and failed to receive them. It appears that all of the class members for the termination benefits claims, by virtue of the class definition, are within the statute of limitations on those claims. Further, the only statute of limitations issue that exists with regard to the other benefits claims is whether time in training should count against the statute of limitations. This issue can also be resolved on a class wide basis and does not, therefore, preclude typicality.

C. Fed. R. Civ. P. 23(b)

To certify a class, the Court must also find that one of the requirements of Rule 23(b) has been met. Fed. R. Civ. Pro. 23(b) states that even if Rule 23(a) requirements are satisfied, a class action may be maintained only if:

(1) prosecuting separate actions by or against individual class members would create a risk of:

(A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or

>   (B)   adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;
>
> (2)   the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or
>
> (3)   the court finds that questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. Pro. 23(b).  Plaintiffs contend that, in fact, all three requirements are met in this case.

### 1.  Fed. R. Civ. Pro. 23(b)(1)

"[A] class action is appropriate under [23(b)(1)(A)] when the party is obliged by law to treat the members of the class alike."  *Pipefitters Local 636 Ins. Fund*, 654 F.3d 618, 633 (6th Cir. 2011). Defendants argue that in this case Plaintiffs "have not and cannot show that defendants are legally obligated to treat all agents as either independent contractors or "employees" under ERISA." However, this really challenges Plaintiffs' eventual ability to successfully prove their case, rather than testing the validity of the class allegations.  Plaintiff has alleged that all agents within the defined class periods and descriptions were "employees" as defined by ERISA because American Family, as a matter of universal policy, retained the right to control the manner and means by which the agents provided their service to the company.   If they can prove this at trial, Defendants would indeed be legally required, under *Darden*, to treat all of those class members as employees under ERISA, whether or not the right to control was exercised as to each and every agent in the class.

Further, although Defendants also argue that an employer may be allowed to distinguish

-10-

between groups or categories of employees, that has never been the issue in this case. There are no allegations that certain categories of agents are employees that were somehow properly exempted from benefits. Defendants have always contended and continue to argue that agents are independent contractors not subject to ERISA; Plaintiffs argue otherwise. If a jury finds that they are employees, Defendants will have a legal obligation under ERISA that applies equally to all class members; if the jury finds they have been properly classified as independent contractors, Defendants will have no ERISA obligations to any of the class members. Therefore, class certification is appropriate under Rule 23(B)(1)(a).[2]

### 2. Fed. R. Civ. Pro. 23(B)(2)

Defendant has not directly addressed Plaintiffs argument that Section 23(B)(2) also provides a road to certification in this case. For the reasons set forth above, it appears obvious that if Plaintiffs can prove their allegation that American Family agents were employees under ERISA, then classifying those agents as independent contractors and denying them benefits is an act that applies generally to the class, and "final injunctive relief or corresponding declaratory relief" if appropriate, would be appropriate for the class as a whole. This is all that is required under Section 23(B)(2).

### 3. Fed. R. Civ. Pro. 23(B)(3).

It is not necessary to find that common questions predominate in this case because class certification is appropriate under both Fed. R. Civ Pro. 23(B)(1) and (2). However, it appears that

---

[2] Other courts have also found that cases alleging misclassification of employees under ERISA are appropriate for class certification under this section of the Rule. *See, e.g., Kanawi v. Bechtel Corp.*, 254 F.R.D. 102, 111 (N.D. Cal. 2008); *Kolar v. Rite Aid Corp.*, No. 01-1229, 2003 WL 1257272, *3 (E.D. Pa. March 11, 2003).

section 23(B)(3) would also justify class certification in this instance.  For a class action to be maintained under Rule 23(b)(3), the court must find that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members." FED. R. CIV. P. 23(b)(3).  Further, the court must find that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."  FED. R. CIV. P. 23(b)(3). According to the Supreme Court,

> [T]he predominance requirement of Rule 23(b)(3) is similar to the requirement of Rule 23(a)(3) that "claims or defenses" of the names representatives must be "typical of the claims or defenses of the class."  The words "claims or defenses" in this context . . . "manifestly refer to the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit."

*Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (citing *Diamond v. Charles*, 476 U.S. 54, 76-77 (1986) (O'Connor, J., concurring in part and concurring in judgment)).  Further, while "[s]ubdivision (b)(3) parallels subdivision (a)(2) in that both require that common questions exist . . . subdivision (b)(3) contains the more stringent requirement that common issues 'predominate' over individual issues."  *In re Am. Med Sys., Inc.* 754 F.3d at 1084 (quoting 1 *Newberg, supra*, §3.10, at 3-56).  Essentially, "[t]he Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623.

When a court determines whether common issues predominate, it "'is under a duty to evaluate the relationship between the common and individual issues' . . . and determine the relative weight and importance of the common and individual issues." *Rockey v. Courtesy Motors, Inc.*, 199 F.R.D. 578, 588 (W.D. Mich. 2001) (quoting 7A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure: Civil*, § 1778 at 518 (2d ed. 1986)).  A finding of

-12-

predominance does not require the Court to determine that no individual issues exist amongst the class members, only that the common issues predominate.

The Court finds based on the totality of the record, thus far, that common issues do indeed predominate in this instance. There is one predominate question in this case that even Defendants have acknowledged must be decided before any other issues can be addressed, and that is whether American Family agents are employees under ERISA. Under the requirements of *Darden*, Plaintiffs need only show that American Family retained the right control the manner and means of the agents' service, and Plaintiff has alleged that there are documents common to all class members and universal policies that affected all class members equally, which are sufficient to prove this point. The truth of this allegation will determine the primary issue of the proper ERISA classification for every class member, and nearly every remaining issue will necessarily be determined by that answer. Therefore, this common issue of classification predominates over any individual issues that exist in this case, and class certification would also be appropriate on these grounds.

### III.  CONCLUSION

For the reasons stated above, the Court finds that class certification should be granted in this instance. The Plaintiff's Motion for Class Certification is, therefore, GRANTED. IT IS SO ORDERED.

       /s/ Donald C. Nugent
      DONALD C. NUGENT
      United States District Judge

DATED: March 2, 2016