IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JAMMAL, *et al.*, | ) | CASE NO. 1:13 CV 437 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| AMERICAN FAMILY INSURANCE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' Motion to Compel. (ECF #136). Defendants filed an Opposition to the moiton (ECF #138), and Plaintiff filed a Reply in Support. (ECF #141). the parties' competing proposals for the scheduling of class related discovery. Plaintiffs seek to begin class certification and proposed class member fact discovery immediately. Defendants seek to postpone all class related discovery until after fact discovery on the named Plaintiffs has been completed, and the Court has ruled on any summary judgment motions that may be filed in connection with the named Plaintiffs' claims. Defendants also seek to limit discovery related to Claims 5 and 6 of the First Amended Complaint ("Complaint") to any administrative record maintained by the ERISA plan administrators.

Although Fed. R. Civ. P. 23 asks the Court to determine class certification issues as early as practicable, a district court has broad discretion to manage its docket and to consider the benefits of bifurcating discovery on class issues in order contain costs and expedite resolution of individual actions.  *See, ACLU of Ky. V. McCreary County*, 607 F.3d 439 (6th Cir. 2010)*; Nook Indus. V. Barnes & Noble, Inc*., 2011 U.S. Dist. LEXIS 15900 (N.D. Ohio Feb. 7, 2011).  Further, the determination of what is the earliest practical time to decide class certification issues may vary significantly depending on the type of case involved, the nature of the allegations set forth in the Complaint, and the proposed class definition contained in the Complaint.

Having reviewed the submissions of the parties, the case history, and the relevant law, the Court finds that Plaintiffs' motion should be granted in part.   Defendant must either produce a Fed. R. Civ. P. 30(b)(6) witness who has actual knowledge about the subject matter identified in the deposition notice or certify that no such person exists within the corporation.   Further, Defendants must either produce all management training manuals and organization charts from the year 2000 and forward, which are within the scope of Plaintiffs discovery requests, or certify that they have conducted a search that would satisfy due diligence and have found that no responsive documents exist that have not already been produced.

The ordered disclosures or certifications must be provided to Plaintiffs no later than May 20, 2016.         IT IS SO ORDERED.

     /s/ Donald C. Nugent  
     DONALD C. NUGENT  
     United States District Judge

DATED:   May 6, 2016