IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| WALID JAMMAL, *et al.*, ) | CASE NO. 1: 13 CV 437 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | JUDGE DONALD C. NUGENT |
| ) | |
| AMERICAN FAMILY INS. GROUP, et al., ) | <u>MEMORANDUM OPINION</u> |
| ) | <u>AND ORDER</u> |
| Defendants. ) | |

This matter is before the Court on the Defendants' Motion to Decertify All Previously Certified Classes (ECF #174). Plaintiffs opposed this motion, and Defendants filed a Reply in support. (ECF # 180, 185). In the event the Court were to deny this motion, Defendants also filed a Motion to Continue the Trial Until After the February 21, 2017 Opt-Out Date, and Motion to Order Plaintiffs to reissue class notice that clarifies the correct opt-out date. (ECF #181). Plaintiff filed an Opposition to the Motion, and Defendants filed a Reply in support of their motion. (ECF #184, 188). For the reasons that follow, Defendants' Motion to Decertify is DENIED, and Defendants' Motion to Continue the Trial is GRANTED.

Classes were certified in this case under sections one, two, and three of Fed. R. Civ.P.

23(b). Sections one and two were identified as classes seeking injunctive relief, under which no opt-out is required. Section three created a class that could seek acutal damages caused by past misclassification. Notice and opt-out provisions are required for a class certified under 23(b)(3). The court found that the question of whether American Family misclassified its agents as independent contractors rather than employees, which the parties both agreed was common to all members of the class was sufficiently important to justify a finding a finding of commonality, under *Powers* and *Whirlpool*, and that this common question was sufficient under *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011), because, in this case, the evidence of whether American Family retained the right to control its agents should be the same class wide. The typicality decision was based on the same general grounds. (ECF #137).

The Court also found that based on the totality of the record, common issues do indeed predominate in this instance. There is one predominate question in this case that even Defendants have acknowledged must be decided before any other issues can be addressed, and that is whether American Family agents are employees under ERISA. Under the requirements of *Darden*, Plaintiffs need only show that American Family retained the right control the manner and means of the agents' service to prove misclassification, and Plaintiff has alleged that there are documents common to all class members and universal policies that affected all class members equally, which would be sufficient to prove this point. The truth of this allegation will determine the primary issue of the proper ERISA classification for every class member, and nearly every remaining issue will necessarily be determined by that answer.

Nothing in Defendants request to decertify challenges any of the findings made, or any of the circumstances relied on by this Court in its original determination that certification was

warranted. The hypothetical tax and financial repercussions that may or may not occur for individual agents if there is an eventual finding that they should have been treated as employees rather than independent contractors is not a proper consideration for this Court in its determination as to the propriety of certification. To the extent that they are members of the certified class, those members still have the option to opt-out of the 23(b)(3) class for damages if they so desire. To the extent that Defendants are arguing the class should not be certified because of the potential future impact on current agents who are not part of the class, this is not a proper consideration for the Court. In addition, Defendants failed to raise any challenge to the adequacy of the class representative on these grounds at the time of the original request certification, and they cannot assert new grounds for the first time at this late stage of the litigation. For these reasons, Defendants' Motion to Decertify the Class is DENIED.

Defendants also seek to continue the trial date, currently set for January 23, 2017, until sometime after the February 21, 2017, which is the opt-out date for the Fed. R. Civ. P. 23(b)(3) class members. Although the parties appear to agree that any relief that may be granted in this case will flow automatically from the injunctive relief requested without need for any other determination of damages, Plaintiffs have not clearly and unequivocally withdrawn any request for damages and certification under 23(b)(3). It may turn out that there is no practical effect to having a post-trial opt-out date under the specific circumstances of this case. However, because there has been a class certified under 23(b)(3), and notice, including an opt-out option, has already been issued to class members, it would be most prudent to ensure that the potential members of the 23(b)(3) class be permitted to exercise their right to opt-out of any monetary damage request that may flow from the class claims prior to the determination of the predominate

issue(s) at trial. Therefore, in order to ensure that all rights of the class members are preserved and to preclude uncertainty that may otherwise arise in connection with the class opt-out notice, Defendants' request for continuance will be granted. Based on the representation of the Plaintiff, it does not appear that there is a need for re-issuance of the class notice. The previously issued correction should be sufficient to inform the putative class members of their right to opt-out of the 23(b)(3) class on or before February 21, 2017.

For the reasons stated above, the Court finds that Defendants Motion to Decertify All Previously Certified Classes (ECF #174) is DENIED. Defendants Motion to Continue the Trial Until After the February 21, 2017 Opt-Out Date and to Order Plaintiffs to Reissue Class Notice That Clarifies the Correct Opt-Out Date (ECF #181) is GRANTED in part and DENIED in part. Trial in this matter is re-set for April 3, 2017 at 8:30 a.m.. A trial order will issue. No re-issuance of class notice is warranted. IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: January 12, 2017