IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALID JAMMAL, *et al.*, | ) | CASE NO. 1: 13 CV 437 |
| Plaintiffs, | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| AMERICAN FAMILY INS. GROUP, et al., | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| Defendants. | ) | |

This matter is before the Court on the Defendants' Motion to Decertify All Previously Certified Classes. (ECF #292). Plaintiffs filed a Brief in Opposition, and Defendants filed a Reply in support of their motion. (ECF #315, 318). For the reasons that follow, Plaintiff's Motion is DENIED.

Defendants contend that the trial testimony demonstrates that not all class members were treated the same, and that even if some were treated as employees, others testified that they were managed consistently with their contract, which stated that they were to be independent contractors. This argument fails for the reasons set forth in this Court's order certifying the class. (ECF #137). In short, Sixth Circuit law is clear and consistent in holding that employee

status is determined based on the Company's retention of a right to control the manner and means of the worker's service. This right does not need to be exercised, it matters only if the Company retains the right to do so. *See, Peno Trucking, Inc. V. C.I.R.,* 296 F.App'x 449, 456 (6th Cir. 2008); *N.L.R.B. v. Cement Transp., Inc.*, 490 F.2d 1024, 1027 (6th Cir. 1974)("It is the right to control, not its exercise, that determines an employee relationship."). As set forth in this Court's Findings of Fact and Conclusions of Law, American Family retained the right to control the manner and means of all of the agents' work, even though it did not universally exercise that right. Defendants' argument that the agents were not similarly situated with regard to their employee status is not compatible with the applicable case law.

Defendants also contend that the class should be decertified because some agents are happy with their treatment by American Family and do not want to be classified as employees. They argue that this creates a situation where the named Plaintiffs are not adequate representatives of the interests of all class members. This argument was also previously addressed in the Court's opinion denying Defendants' prior Motion to Decertify All Previously Certified Classes. (ECF #212). The trial testimony in this case added nothing to the information previously available to Defendants at the time of class certification, and the filing of their first Motion to Decertify.

In addition, Defendants argument that thousands of current agents oppose the consequences of a Plaintiffs' verdict in this case is purely speculative. Only one current agent testified at trial that she is happy with her current situation. She did not testify that she would be unhappy receiving ERISA protected benefits. Further, all current agents received notice of the class certification and were given the option to opt out of the damages portion of the case. Of

those agents only eleven chose to opt out. (ECF #294). Thus, there is no evidence to support Defendants' contention that a class conflict exists in this case. Even if there were some evidence that some class members oppose the relief sought by the named Plaintiffs, a court should not decertify a class "solely because some of the class members prefer to leave their rights unremedied." 5-23 Moore's Federal Practice - Civil §23.25[b][iii](2016)(citing cases).

Decertification is a drastic step, not to be taken lightly. *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 302 F.R.D. 448, 459, 474 (N.D. Ohio 2014). Defendants have cited no new evidence that would provide a legitimate reason to decertify the classes in this action. The Defendants' Motion to Decertify All Previously Certified Classes is, therefore, DENIED. The Court does find, however, that an interlocutory appeal on this issue may materially advance the ultimate termination of the litigation. 28 U.S.C. §1292(b). Therefore, the Court authorizes the parties to take an interlocutory appeal of this Order, pursuant to 28 U.S.C. §1292(a)(1). IT IS SO ORDERED.

    /s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: July 31, 2017