IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALID JAMMAL, *et al.*, | ) | CASE NO. 1:13 CV 437 |
| | ) | |
| Plaintiffs, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN FAMILY INSURANCE | ) | MEMORANDUM OPINION |
| GROUP, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiffs' Motion for Relief Under Federal Rule of Civil Procedure 60, (ECF #354), and Defendants' Motion to Tax Costs (ECF #355). Oppositions were filed to each motion, and each side filed a Reply in support of their respective motion. (ECF #356, 357, 358, 360). These matters are now ready for consideration.[1]

The Court previously entered judgment in favor of the Defendants, and ordered costs against the Plaintiffs. (ECF #352). Plaintiffs seek relief from the portion of the Order that awarded costs to the Defendants under Fed. R. Civ. P. 60(a), and 60(b)(6).

---

[1] Although the Plaintiffs have filed a Notice of Appeal, which would generally divest the Court of jurisdiction over issues relating to the appealed Order, Fed. R. Civ. P. 62.1(a) permits the trial court to consider the motion for relief and to either deny it or state that it would grant the motion if the court of appeals were to remand it for that purpose.

A. Fed. R. Civ. P. 60(a)

Fed. R. Civ. P. 60(a) allows the Court to correct clerical mistakes, oversights and omissions contained within a judgment order. The Judgment Entry in this case contains no such mistake, oversight or omission. The Defendants originally moved for judgment in their favor on April 5, 2019. Plaintiffs, at no time, offered any substantive objection. Following a stay to allow Plaintiffs to appeal the Court of Appeals decision, which mandated judgment in favor of the Defendants, this Court allowed the parties an additional opportunity to brief their positions on the entry of judgment. (ECF #347). Defendants requested costs by way of the proposed Judgment Entry included with their Supplemental Brief in Support of Motion for Final Judgment. (ECF #349-2). The Plaintiffs, offered no competing request or proposed judgment entry, and provided no substantive objection or other input relating to the issuance of the Judgment Entry. The Court waited ten days following the submission of the Defendants' proposed entry, before issuing its Order and Entry; Plaintiffs still made no objection or counter-proposal. The inclusion of costs in the Judgment Entry was intentional, proper, and without objection. No relief is warranted under Fed. R. Civ. P. 60(a).

B. Fed. R. Civ. P. 60(b)(6)

Relief is also not warranted under Fed. R. Civ. P. 60(b)(6). Section (b)(6) of Fed. R. Civ. P. 60 allows a court to relieve a party from a judgment or order for "any reason that justifies relief," if grounds for that relief are established by clear and convincing evidence. *See, Info-Hold Inc. v. Sound Merch, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). There is no such reason to alter the judgment entry in this case. As set forth above, despite having the opportunity,

Plaintiffs did not propose an entry without costs, and did not timely object to the Defendants proposal that awarded them costs. Therefore, they are not entitled to relief under Fed. R. Civ. P. 60(b)(6).

Even if they had timely raised the issue of costs, Plaintiffs' request for relief would not be justified. Their motion is premised on two main positions: (1) that the Court abused its discretion and did not articulate its reasons for awarding costs; and (2) that it failed to apply the factors set out in *Secretary of Dept. Of Labor v. King*, 775 F.2d 666 (6th Cir. 1985) when deciding that costs were justified. Neither position is supported by the applicable authority.

(1) <u>Authority/Justification for Awarding Costs</u>

Federal Rule 54 provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Plaintiffs acknowledge that ERISA permits a court, in its discretion, to award "costs of action to either party." 29 U.S.C. §1132(g)(1).[2] The statute does not preference one side or the other, or impose a higher standard for the assessment of fees against ERISA plaintiffs. Nothing in the statute suggests that it changes the presumptions that apply to the assessment of costs in the Federal or local rules, except that it may permit the court to override the Rule 54 presumption, and/or avoid the Rule's requirements for assessing attorney's fees, at the court's discretion. Neither party has cited any binding Sixth Circuit law that would suggest that the statute nullifies the application of Fed. R. Civ. P. 54, or the presumption for the assessment of

---

[2] 29 U.S.C. §1132(g)(1) also allows the award of attorney fees. "In any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

costs.

Further, even if the statute did nullify the Rule 54 presumption, there is no reason this Court should not award costs to the Defendants in this case. An award of costs, under the statute, does not require a finding of bad faith, or that the merits of the case were weighted heavily on one side. *See, e.g., Cooley v. Lincoln Electric Co.*, 776 F. Supp. 2d 511, 575 (N.D. Ohio 2011)(good faith litigation of a close and difficult case does not shield parties from the assessment of costs). The parties have cited no statutory or other binding legal authority that purports to require a district court to provide affirmative reasons for awarding costs, and Plaintiffs have not provided a compelling reason to deny costs under the circumstances. *See, Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003)(it is sufficient if the Court finds that the losing party has provided insufficient reason to deny such an award). Defendants, who were ultimately successful in their position, were subject to years of litigation costs and attorney's fees, as well as the disruption and uncertainty that a litigation of this scope entails. The requested costs are reasonable and restrained,[3] and will be spread among multiple plaintiffs. Under the circumstances of this case, the Court does not find that there is any reason to believe that an award of the type requested will create any chilling effect on the filing of legitimate ERISA cases. This Court had both the authority and justification to award costs, and did so in exercise of its best discretion.

---

[3] Defendants could have sought additional non-taxable costs and attorney fees, but limited their request to the taxable costs addressed by 28 U.S.C. §1920. *See, Schumacher v. AK Steel Corp. Ret. Acc. Pension Plan*, 995 F.Supp.2d 835, 853 (S.D. Ohio 2014).

(2) Application of *Secretary of Dept. Of Labor v. King*

Plaintiffs' reliance on the application of *Secretary of Dept. Of Labor v. King*, 775 F.2d 666 (6th Cir. 1985) is misplaced. Plaintiffs claim that this Court committed legal error by not applying the *King* factors when determining whether to award costs. The *King* factors do not apply to the assessment of costs, rather, they are directed at determining whether an award of attorney fees would be proper in an ERISA case. This issue is not before the Court as Defendants did not request attorney fees, and the Court did not award them. Further, Plaintiffs never raised *King* in any of their briefing before the Court. *King* is not a new case, and there is no reason why Plaintiffs could not have raised its application prior to the Court's issuance of the Judgment Entry, if indeed they believe it should have been applied. Therefore, there is no justification for relief from the assessment of costs, and Plaintiffs' Motion must be denied.

C. Defendants' Motion to Tax Costs

Having thoroughly reviewed all of the materials presented, the Court finds that the Defendants' request is reasonable both in terms of the type of costs necessarily incurred, and the amounts spent, and that it is supported by appropriate evidence. There is no question that the deposition costs, copying costs, service and subpoena fees, and the filing fee for the appeal are taxable. Defendants have also provided support for the conclusion that the electronic document conversion and copying were reasonable based on the Plaintiffs' document and production format requests, and that these costs were actually cheaper than the traditional copying costs would have been. As both sides ordered daily trial transcripts and there is support to find that they were necessary to addressing on-going trial issues, those costs are also

reasonable. Plaintiffs have objected to the assessment of costs in general, but have offered no specific objection or challenge to the reasonableness of the amount Defendants have identified as taxable costs.[4] Plaintiffs are, therefore, ordered to pay the Defendants $162,020.01 in taxable costs.

For the reasons set forth above, Plaintiffs' Motion (ECF #354) is DENIED, and Defendants' Motion (ECF #355) is GRANTED.

IT IS SO ORDERED.

/s/ Donald C. Nugent
Donald C. Nugent
United States District Judge

Date: March 23, 2020

---

[4] Plaintiffs' opposition states generally that the amount sought is "overstated" but offers absolutely no support for that statement. Plaintiffs also purport to "reserve the right to challenge the costs," however, they do not have the authority to unilaterally extend their own response time in this manner. If they had a legitimate challenge to any of the listed costs or the support provided in the Motion to Tax Costs, that should have been included in their opposition.